hLANDRIEU, Judge.
Edward McNeely appeals his conviction for illegal use of weapons. We affirm.

FACTS

On March 5, 1995, at about 6:30 p.m., Officers Jimmie Slack and Stanley Stirgus were on routine patrol driving a marked police unit on Green Street. As they approached the intersection of Green and Monroe Streets, they heard gunfire and turned onto Monroe Street. The officers saw three men involved in a gunfight: Donald Simon was shooting from a porch at 1714 Monroe Street; Harry Sullivan was shooting from behind a vehicle parked across the street; and Edward McNeely was shooting from the front passenger seat of the vehicle. During the gunfire, the officers saw two separate muzzle flashes coming from the area of the vehicle and one flash coming from the porch.
Once the officers arrived, Simon fled into the house but was later apprehended. Sullivan attempted to jump into the driver’s seat *259 of the vehicle but collided with McNeely who was sliding over to the driver’s side. Sullivan then ran from the vehicle and tossed a weapon across a fence. He proceeded up frMonroe Street and, before he was apprehended by Officer Slack, discarded another object, believed to be a revolver, into a crowd of people. The first weapon, an Uzi, was the only one recovered.
When McNeely got out of the vehicle, he bumped into Officer Stirgus and attempted to run past him. After a scuffle, Officer Stirgus managed to force McNeely to the ground and handcuff him. The officers recovered three 9mm spent casings near the rear of the vehicle where Sullivan was shooting, which were consistent with shots fired from the Uzi at that location.
Harry Sullivan testified that he and McNeely, who is his nephew, drove to 1712 Monroe Street in order to visit their grandfather who resides there. They got out of the vehicle but Sullivan stopped to talk to Donald Simon, his cousin. When Simon and Sullivan began to argue, Sullivan testified that he and his nephew got back into the vehicle but then heard shots being fired at them. Sullivan stated that he got out of the vehicle, moved behind it, and fired shots into the air out of anger. Sullivan admitted throwing the Uzi over the fence but denied taking a revolver from McNeely and discarding it.
McNeely was charged with illegal use of weapons, tried by a jury, and found guilty as charged. He was sentenced to serve two years at hard labor.

DISCUSSION

We have reviewed the record for errors patent and have found none.
McNeely asserts that the trial court erred in convicting him because the evidence was insufficient to prove that he fired a weapon. Specifically, he argues that neither officer testified that he had seen McNeely fire a weapon, that no weapon was found in his possession, and that there were no spent casings or other evidence that shots were fired from within the vehicle.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most ^favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.Rev. Stat. 15:438; State v. Langford, 483 So.2d 979 (La.1986).
Officer Slack testified that he observed separate muzzle flashes from the area of the vehicle, one from the rear of the vehicle where Sullivan was located, and the other coming from within the vehicle where McNeely was sitting. Officer Slack testified that he saw Sullivan discard another object after discarding the Uzi. He also testified that semi-automatic and fully automatic weapons automatically discharge spent casings after they fire but revolvers do not, which explains why there were no spent casings in the vehicle.
Officer Stirgus testified that he observed all three participants shooting. Officer Stir-gus admitted that he did not see McNeely fire a weapon, but did see the flashes of weapon fire coming from within the vehicle on the passenger side. Officer Stirgus testified that he observed Sullivan discard the Uzi, but did not see him discard the revolver.
La.Rev.Stat. 14:94, in pertinent part, provides:
Illegal use of weapons or dangerous instru-mentalities is the intentional or criminally negligent discharging of any firearm, ... where it is foreseeable that it may result in death or great bodily harm to a human being.
Considering both officers testified that they saw muzzle flashes emanating from within the vehicle, and that McNeely was the only person in the vehicle while the shooting occurred, it was reasonable for the jury to believe McNeely discharged a firearm. And because three participants were involved in the shootout, it was reasonable for the jury to infer that it was foreseeable that death or *260 I ¿great bodily harm could have resulted. Thus, the evidence was sufficient to support the verdict. This assignment has no merit.
Accordingly, McNeely’s conviction and sentence are affirmed.

AFFIRMED.